# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MARTIN NOGALES, <br><br> Petitioner, <br><br> vs. <br><br> DR. JEFFREY BEARD, Secretary, <br><br> Respondent.[1] | Civil No. 11cv2146-BTM (BLM) <br><br> **ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT** |

This matter comes before the Court on a limited remand from the Ninth Circuit Court of Appeals to consider Petitioner's Motion for Relief from Judgment filed pursuant to Federal Rule of Civil Procedure 60(b)(6). The Court denies relief from judgment on the basis that, assuming the Court is not required to construe the Rule 60(b)(6) motion as a second or successive petition over which this Court lacks jurisdiction, Petitioner has not shown "extraordinary circumstances" justifying relief from a final judgment, and even were he to make such a showing, it would be futile for the Court to provide him with the relief he seeks.

---

[1] The Warden of the institution where Petitioner is confined, the originally named Respondent, has changed during the pendency of this action. See www.cdcr.ca.gov (last visited Nov. 8, 2013); see also Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998-99 (9th Cir. 2010) (taking judicial notice of information posted on government website, the accuracy of which was undisputed). Because a writ of habeas corpus acts upon the custodian of the state prisoner, see 28 U.S.C. § 2242; Rule 2(a), 28 U.S.C. foll. § 2254, the Court sua sponte **ORDERS** the substitution of Dr. Jeffrey Beard, Secretary of the California Department of Corrections and Rehabilitation, as Respondent. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (stating that the respondent in § 2254 proceedings may be the chief officer in charge of state penal institutions).

**I.     Federal Proceedings**

On September 1, 2011, Petitioner, a state prisoner proceeding pro se, constructively filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1 at 65.) The Petition presented a single claim alleging that insufficient evidence was presented at his San Diego County Superior Court jury trial to support his convictions on two counts of second degree murder and one count of shooting at an inhabited dwelling. (ECF No. 1.) He also filed a motion for appointment of counsel and a motion for an evidentiary hearing. (ECF Nos. 7, 9.)

On February 22, 2012, the assigned United States Magistrate Judge issued a Report and Recommendation which recommended denial of habeas relief after finding that the state court adjudication of Petitioner's claim (on the basis that there was less than overwhelming, but sufficient, evidence from which the jury could reasonably infer that Petitioner was present in the vehicle used to commit the murders and was in fact the shooter), was not an unreasonable application of clearly established federal law within the meaning of 28 U.S.C. § 2254(d). (ECF No. 10.) Both the Magistrate Judge and the state court identified and applied the correct clearly established federal law regarding sufficiency of the evidence claims. (Id. at 8-15, citing Jackson v. Virginia, 443 U.S. 307, 324-26 (1979) (holding that under a "review of the record in the light most favorable to the prosecution," an "applicant is entitled to federal habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt."), applying In re Winship, 397 U.S. 358, 364 (1970) ("[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.")) The Magistrate Judge denied Petitioner's motion for appointment of counsel, and recommended denial of the motion for an evidentiary hearing. (ECF No. 10 at 7-8, 15-16.) Petitioner's subsequent motion for reconsideration of the denial of his motion for appointment of counsel was denied. (ECF Nos. 14-15.)

Petitioner filed Objections to the Report and Recommendation in which he contended that he was at a disadvantage in presenting his argument because he was proceeding pro se. (ECF No. 16 at 2-3.) He argued that the evidence of his guilt was circumstantial, namely, that he was

found in possession of the murder weapon several hours after the shooting, which contained his fingerprints and DNA and which he had been seen firing during a shooting several weeks earlier, gunshot residue was found on his hand, his fingerprints were on the truck from which the shots were fired, he is a "rider" or "soldier," the people most likely to commit such crimes, in the gang the name of which the driver yelled out just prior to the shooting, he was close friends with the person identified as the driver, he and the driver were attending a party near the crime scene around the time of the shooting, the driver left the party around the time of the shooting, and Petitioner may have been absent at the same time as the driver. (Id. at 3-32; ECF No. 5-26 at 18-31.) Petitioner contended in his Objections that his argument had been misconstrued by the Magistrate Judge as contending that there was sufficient evidence in the record for a reasonable juror to draw an inference of innocence, whereas he had actually argued that a proper application of the Jackson v. Virginia standard reveals that the inference of guilt drawn by the jury was unreasonable because that inference was not supported by the evidence but was based on a speculative interpretation of the facts. (ECF No. 16 at 3-32.)

On May 10, 2012, United States District Judge Irma E. Gonzalez issued an Order adopting the Report and Recommendation in full and denying relief. (ECF No. 18.) The Court found that Petitioner had pointed to evidence in the record which "sheds doubt upon his guilt," including that his fingerprints were not found on the trigger of the murder weapon but another person's DNA was, the gunshot residue was on his left hand whereas he is right-handed, a witness described the shooter as wearing a white shirt but testimony and photographs established that Petitioner was wearing a dark blue shirt that night, the witness who saw the driver leave the party around the time of the shooting testified that Petitioner did not leave with him, and the location of the fingerprints on the truck and the height of the truck did not support a finding that Petitioner was the shooter. (Id. at 9-10.) The Court found, however, that the jury had been presented with that same evidence, and even if the jury could have concluded that someone else was the shooter and merely gave Petitioner the gun for safekeeping afterwards, under the highly deferential standard applicable to federal habeas review, the state court's application of the Jackson v. Virginia standard was objectively reasonable. (Id. at 11.) The Court denied the

motion for appointment of counsel and the motion for an evidentiary hearing, and granted a Certificate of Appealability. (ECF No. 18.) Judgment was entered to that effect on May 10, 2012. (ECF No. 19.)

Petitioner filed a Notice of Appeal on May 29, 2012. (ECF No. 20.) On May 31, 2012, while still proceeding pro se, Petitioner filed a motion for reconsideration of the May 10, 2012, Order denying habeas relief, in which he repeated his arguments that there was insufficient evidence to support his convictions and that he is entitled to an evidentiary hearing. (ECF No. 25.) The motion for reconsideration was denied on June 5, 2012, on the basis that Petitioner had failed to point to newly discovered evidence, clear error, or a change in the controlling law, necessary to provide relief from the judgment. (ECF No. 26.) Petitioner filed a second Notice of Appeal on June 6, 2012. (ECF No. 28.) On July 27, 2012, the Ninth Circuit Court of Appeals appointed counsel for Petitioner. (ECF No. 30.)

On December 26, 2012, Petitioner filed a second pro se motion for reconsideration of this Court's May 10, 2012, Order denying habeas relief. (ECF No. 33.) Petitioner argued that the Court committed clear error in its application of Jackson v. Virginia by inquiring only into whether some evidence exists to support the convictions, rather than looking at whether a rational jury would convict in view of the fact that all of the evidence presented at trial was inherently unreliable. (Id. at 3-18.) The motion was denied on January 14, 2013, on the basis that the Court had been divested of jurisdiction by the notice of appeal. (ECF No. 34.)

On April 11, 2013, Petitioner, through his appointed counsel, filed a motion in the Ninth Circuit to stay the appellate proceedings and remand to this Court for the purpose of presenting a claim alleging that because there was insufficient evidence to convict Petitioner, the jury must have convicted him on the basis of the gang evidence, which counsel argued was improperly admitted character and propensity evidence. (See ECF No. 38 at 2.) The Ninth Circuit denied the motion without prejudice to Petitioner to file a renewed motion accompanied by an indication that this Court would be willing to entertain a Rule 60(b) motion. (ECF No. 36.) On May 28, 2013, Petitioner requested this Court to give an indication whether it was willing to entertain a "Motion to Present New Evidence," in order that Petitioner could move in the Ninth

Circuit for a remand to this Court to entertain a motion to amend his habeas Petition to include a claim alleging that the introduction of improper propensity or character evidence violated Petitioner's Fourteenth Amendment due process rights, and to stay the amended petition while Petitioner returned to state court to exhaust state court remedies with respect to that claim. (ECF No. 38 at 1, 3.) Petitioner indicated that the new claim would allege that because there was no eyewitness testimony or physical evidence which placed him at the scene of the crime, and because the case against him was based solely on circumstantial evidence, his convictions must have been based on the admission of improper character or propensity evidence that he was a "rider" or a gang "solider" whose job it was to commit the type of crimes charged, and that such a conviction violated principles of federal due process. (ECF No. 38-1 at 4-12.) On May 31, 2013, this Court issued an Order indicating its willingness to entertain a motion from Petitioner for relief from judgment pursuant to Rule 60(b). (ECF No. 40.) On June 17, 2013, the Ninth Circuit Court of Appeals remanded to this Court "for the limited purpose of enabling the district court to consider appellant's Federal Rule of Civil Procedure 60(b) motion." (ECF No. 41.)

Petitioner filed his Rule 60(b) Motion on August 12, 2013. (ECF No. 42.) He contends that "it is not so much an erroneous judgment as an incomplete one, from which [he] seeks relief." (ECF No. 42-1 at 4.) He contends relief should be granted because this Court did not have the benefit of a petition which presented the correct legal standards and arguments on the sufficiency of the evidence claim, or the additional claim alleging a due process violation as a result of admission of impermissible propensity evidence, although he indicated he was not seeking to revisit this Court's prior denial on the merits of the sufficiency of the evidence claim. (Id. at 4-9.) Respondent filed an Opposition on September 17, 2013, arguing that Petitioner's Rule 60(b) motion is an improper attempt to present a second or successive petition without the required approval of the Ninth Circuit. (ECF No. 46.)

On September 6, 2013, this action was transferred to the undersigned United States District Judge. (ECF No. 44.) A hearing was held on October 7, 2013, and supplemental briefing was ordered to clarify the exact nature of the claim Petitioner wished to present, and to address whether amendment would be futile due to the statute of limitations. (ECF No. 47.)

Petitioner filed a Supplemental Brief on October 16, 2013, with an attached proposed First Amended Petition which presents two claims: (1) the state court unreasonably applied the Jackson v. Virginia standard in finding that sufficient evidence existed to support the convictions; and (2) Petitioner's federal due process rights were violated by the introduction of propensity and character evidence, an error which was compounded by the failure to give a limiting jury instruction. (ECF No. 48-1 at 3-25.) Respondent filed a Reply on October 30, 2013, arguing that amendment would be futile because the new claim is untimely, and that a stay and abeyance would not be appropriate because Petitioner cannot demonstrate good cause for the failure to have previously exhausted the new claim. (ECF No. 49.)

## II.  Discussion

Federal Rule of Civil Procedure 60(b) entitles the moving party to relief from judgment based on:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Petitioner has requested relief only under Rule 60(b)(6) (see ECF No. 42-1 at 3), and there appears to be no basis for relief from judgment under any other provision of Rule 60(b). Petitioner argues that relief is justified because when judgment was rendered this Court did not have the benefit of a federal petition which presented the correct legal standards or arguments regarding the sufficiency of the evidence claim, and did not have before it the additional claim alleging a due process violation based upon admission of impermissible character or propensity evidence. (Id. at 4.) He contends equitable considerations counsel in favor of granting relief because Petitioner requested appointment of counsel several times in this Court, and if Petitioner

had been represented by counsel in this Court his counsel would have identified and cured these pleading deficiencies. (Id. at 4-6.) He contends that he was unable to file a proper petition while proceeding pro se because he has been incarcerated since he was fourteen years old, has a very limited education, and has had limited access to a law library due to prison lockdowns at the institution where he has been incarcerated while this action has been pending. (Id.)

A motion under Rule 60(b)(6) must "be made within a reasonable time," and the movant must show "extraordinary circumstances justifying the reopening of a final judgment." Gonzalez v. Crosby, 545 U.S. 524, 535 (2005) (internal quotation marks omitted). However, before addressing those requirements, the Court must first determine whether Petitioner's Rule 60(b) motion is in effect a second or successive habeas petition. Id. at 530–32 (holding that when a purported Rule 60(b) motion contains substantive claims for relief rather than presenting an attack on the integrity of the prior federal habeas proceeding, it must be treated as a successive habeas petition). If Petitioner's Rule 60(b) motion is the equivalent of a second or successive petition, this Court lacks jurisdiction to consider the motion absent a certificate from the Ninth Circuit authorizing the filing of the petition. United States v. Washington, 653 F.3d 1057, 1065 (9th Cir. 2011); 28 U.S.C. § 2244(b)(1).

A Rule 60(b) motion constitutes a second or successive habeas petition when it advances a new ground for relief or "attacks the federal court's previous resolution of a claim *on the merits*." Gonzalez, 545 U.S. at 532 (italics in original); id. at 532 n.4 (explaining that "on the merits" in that context refers to an assertion that the court's resolution of a previous claim was in error, as opposed to an argument that the court erred in ruling that a merits determination was not possible due to a procedural ground for example). Petitioner's motion here resembles a second or successive petition because it presents a new ground for relief which was not presented in the original Petition, i.e., a claim that his federal due process rights were violated by the introduction of character and propensity evidence, and, although not entirely clear, it apparently attempts to relitigate this Court's determination that the state court's application of the Jackson v. Virginia standard was objectively reasonable. See Washington, 653 F.3d at 1063 (providing as examples of a Rule 60(b) motion which must be treated as a successive petition

a motion asserting that owing to "excusable neglect" the movant's habeas petition had omitted a claim of constitutional error, a motion seeking to add a new ground for relief, and a motion attacking the court's prior resolution of a claim on the merits), citing Gonzalez, 545 U.S. at 530-32. Although Petitioner appears at times to characterize his motion as attacking the integrity of this Court's application of the Jackson v. Virginia standard (see ECF No. 48 at 3, 5, 9), the Rule 60(b) motion seems to fall within the definition of a second or successive petition.

Petitioner argues, however, that because the appeal from this Court's judgment denying habeas relief is still pending in the Ninth Circuit, the adjudication of his Petition is not complete for the purposes of 28 U.S.C. § 2244(b). (ECF No. 42-1 at 7-8, citing Woods v. Carey, 525 F.3d 886, 888-90 (9th Cir. 2008) ("[W]here a new pro se petition is filed before the adjudication of a prior petition is complete, the new petition should be construed as a motion to amend the pending petition rather than as a successive application.")) Respondent argues that, unlike in Woods, the petition in this matter has already been adjudicated on the merits in the district court. (ECF No. 46 at 3-4.) Respondent relies on Beaty v. Schriro, 554 F.3d 780, 782 (9th Cir. 2009), which refused to extend Woods to the situation where a non-pro se petitioner tried to present a new claim after the appellate court had already upheld the district court's denial, because allowing such an amendment would "essentially nullify the rules about second and successive petitions created by" AEDPA. Beaty, 554 F.3d at 783; see id. at 783 n.1 ("Today, we decide that Beaty cannot use Woods to amend his petition after the district court has ruled and proceedings have begun in this court (much less after the Supreme Court denied certiorari on the claims on which we have already ruled).")

Neither Woods nor Beaty involved a Rule 60(b) motion, and this Court will not treat Petitioner's Rule 60(b)(6) motion as a motion to amend his Petition. Although Petitioner certainly seeks to amend the Petition if his Rule 60(b)(6) motion is granted, he at least ostensibly presents an attack on the integrity of the prior federal habeas proceedings in his argument that this Court's Order denying habeas relief was based on a fundamental misunderstanding or misapplication of the Jackson v. Virginia standard. In addition, the procedural posture of this case, a remand to consider the Rule 60(b) motion, appears to provide some support for the

position that the adjudication of his Petition is not yet final for purposes of § 2244(b), although Respondent appears to have the more persuasive argument as the relief Petitioner ultimately seeks is to amend his Petition.

The Court need not reach that issue, however, because assuming Petitioner's Rule 60(b) motion is not a disguised second or successive habeas petition, Rule 60(b)(6) relief is not available because Petitioner has not shown that extraordinary circumstances exist to justify relief from the judgment. The Supreme Court has suggested that extraordinary circumstances "will rarely occur in the habeas context." Gonzalez, 545 U.S. at 535; see Ackermann v. United States, 340 U.S. 193, 199-200 (1950) (recognizing that extraordinary circumstances may be shown by a petitioner who was deprived of any reasonable opportunity to defend against criminal charges), citing Klapprott v. United States, 335 U.S. 601, 613-14 (1949). The Ninth Circuit has identified six factors to guide the determination whether extraordinary circumstances are present, and has indicated that these factors "are particularly useful in applying Rule 60(b)(6) to rejected petitions for habeas corpus." Phelps v. Alameida, 569 F.3d 1120, 1135 n.19 (9th Cir. 2009).

The first two factors, taken directly from Gonzalez, look to whether Petitioner was diligent in bringing to the court's attention a change in controlling law, and whether that change in law had overruled an otherwise settled legal precedent. Id. at 1135. These factors do not aid Petitioner because he does not identify a change in legal precedent regarding his claims.

The third factor asks "whether granting the motion to reconsider would undo the past, executed effects of the judgment, thereby disturbing the parties' reliance in the finality of the case." Phelps, 569 F.3d at 1137 (internal quotation marks omitted). Here, as in Phelps, neither party has undergone any change in legal position. See id. at 1138 (providing examples such as the conveyance of and improvement to land, and the reopening of a judgment which granted habeas relief and resulted in a new trial and dismissal of charges, which would alter the petitioner's legal status as a free man.) This factor weighs in neither parties' favor.

The fourth factor "examines the delay between the finality of the judgment and the motion for Rule 60(b)(6) relief." Phelps, 569 F.3d at 1138. Petitioner presented his contention that the state court and this Court had improperly applied the Jackson v. Virginia standard in his

Objections to the Report and Recommendation (ECF No. 16), in his first motion for reconsideration filed twenty-one days after judgment was entered (ECF No. 25), and in a second pro se reconsideration motion filed about seven months after judgment was entered. (ECF No. 33.) His appointed counsel sought permission from the Ninth Circuit to file the instant motion for Rule 60(b)(6) relief on April 11, 2013, eleven months after judgment was entered. (ECF No. 38 at 2.) Petitioner has clearly been diligent in his attempt to have this Court revisit its determination that the state court's application of the <u>Jackson v. Virginia</u> standard was objectively reasonable. Although Petitioner has shown less diligence in presenting the new claim alleging a due process violation arising from the introduction of the character and propensity evidence, Petitioner's counsel argues that the new claim was raised as soon as counsel identified the factual basis for it, and that in any case it is in essence a restatement of Petitioner's earlier position that such evidence is inherently unreliable and could not support a reasonable inference of guilt. (ECF No. 42-1 at 8; ECF No. 48 at 3, 5.) Counsel also argues that it was Petitioner's pro se status which prevented him from properly articulating how the introduction of impermissible character or propensity evidence affected the application of the <u>Jackson v. Virginia</u> standard, or how it violated principles of federal due process. (ECF No. 42-1 at 4-8.) The diligence factor weighs in Petitioner's favor.

The fifth factor focuses on the extent to which the law was settled prior to the intervening change in law, and is designed to recognize that the law is regularly evolving by looking to the nature of the change in law. <u>Phelps</u>, 569 F.3d at 1138-39. As Petitioner has not identified a change in law, this factor does not assist him.

The final factor provides that "in applying Rule 60(b)(6) to cases involving petitions for habeas corpus, judges must bear in mind that a federal court's grant of a writ of habeas corpus . . . is always a serious matter implicating considerations of comity." <u>Phelps</u>, 569 F.3d at 1139 (internal quotation marks omitted). This factor favors Respondent. As this Court noted in the Order adopting the Report and Recommendation and denying habeas relief:

> In applying the highly deferential standard applicable on habeas review of claims of insufficiency of the evidence under *Jackson* and AEDPA, the Supreme Court has acknowledged that "[b]ecause rational people can sometimes disagree, the inevitable consequence of this settled law is that judges will sometimes

encounter convictions that they believe to be mistaken, but that they must nonetheless uphold." *Cavazos v. Smith*, 132 S.Ct. 2 [,4] (2011). The additional evidence to which Nogales refers sheds doubt upon his guilt. However, the state court's application of the *Jackson* standard was not "objectively unreasonable."

(ECF No. 18 at 11.)

That passage indicates that this Court has given Petitioner's insufficiency of the evidence claim careful and through consideration, and is mindful of the Supreme Court's observation that: "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 562 U.S. ___, 131 S.Ct. 770, 786-87 (2011) ("If this standard is difficult to meet, that is because it was meant to be . . . [as it] preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court decision conflicts with this Court's precedents."); id. at 786 ("Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal.") (internal quotation marks omitted). This final factor weighs against Petitioner not only for the reasons set forth in the Order denying habeas relief, but also for the reasons set forth below, that Petitioner has not shown this Court erred in its application of the Jackson v. Virginia standard, and seeking to amend the Petition to add the new claim would be futile.

Accordingly, only the diligence factor weighs in Petitioner's favor, and only the comity factor weighs in Respondent's favor, with the other factors being irrelevant. The Ninth Circuit has cautioned that these factors do not "impose a rigid or exhaustive checklist [because] Rule 60(b)(6) is a grand reservoir of equitable power, . . . and it affords courts the discretion and power to vacate judgments whenever such action is appropriate to accomplish justice." Phelps, 569 F.3d at 1135 (internal quotation marks and citation omitted). In light of the Supreme Court's caution that extraordinary circumstances rarely apply in habeas cases, Gonzalez, 545 U.S. at 535, the careful consideration this Court has already given to the determination whether the state court's adjudication of the sufficiency of the evidence claim involved a reasonable

application of clearly established federal law, and the futility of amendment discussed below, the Court finds that Petitioner has not shown extraordinary circumstances justifying Rule 60(b)(6) relief.

Furthermore, even if the factors identified above favored Petitioner, relief from judgment is not justified because his attempt to amend his Petition, and any attempt to relitigate his original claim, would be futile. See Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend.") Assuming Petitioner is correct that the claims in the original and amended petitions "are tied to a common core of operative facts [so that] relation back will be in order," Mayle v. Felix, 545 U.S. 644 (2005), and the new claim would therefore not be untimely under AEDPA's one-year statute of limitations, an attempt to return to state court now to present the new claim nearly three years after the state supreme court denied review on direct appeal (see ECF No. 5-31), would almost certainly result in a procedural default of the claim in this Court. See Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991) (holding that a procedural default arises when "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred."); see id. at 729-30 (a procedural default arises from a violation of a state procedural rule which is independent of federal law, and which is clearly established and consistently applied.); see Bennett v. Mueller, 322 F.3d 573, 581 (9th Cir. 2003) ("We conclude that because the California untimeliness rule is not interwoven with federal law, it is an independent state procedural ground."); see also Walker v. Martin, 562 U.S. ___, 131 S.Ct. 1120, 1125-31 (2011) (holding that California's timeliness requirement providing that a prisoner must seek habeas relief without "substantial delay" as "measured from the time the petitioner or counsel knew, or should reasonably have known, of the information offered in support of the claim and the legal basis for the claim," is clearly established and consistently applied).

Even if Petitioner were able to obtain an adjudication on the merits of his new claim by the state court, and thus avoid a procedural default, the claim would be subject to the provisions of AEDPA, and habeas relief would not be available in this Court on his new claim. In Alberni

v. McDaniel, 458 F.3d 860 (9th Cir. 2006), the Ninth Circuit held that because the Supreme Court in Estelle v. McGuire, 502 U.S. 62 (1991), specifically reserved ruling on the issue regarding whether introduction of propensity evidence can give rise to a federal due process violation, and has denied certiorari at least four times on that issue since McGuire was decided, the right asserted "has not been clearly established by the Supreme Court, as required by AEDPA." Id. at 866-67; see also Wright v. Van Patten, 552 U.S. 120, 125-26 (2008) (holding that the state court could not have unreasonably applied federal law if no clear Supreme Court precedent exists). Accordingly, even if the Court were able to consider Petitioner's request to amend his Petition to add such a claim, the Court would deny the request as futile.

Finally, even were the Court able to reconsider the previous determination regarding application of the Jackson v. Virginia standard, the Court would still deny relief. Petitioner's claim has been given careful consideration in the Report and Recommendation, and in the Order adopting the Report and Recommendation, and Petitioner has not demonstrated that this Court's application of the Jackson v. Virginia standard was erroneous. The contention that propensity or character evidence was improperly admitted at trial and therefore should not be considered in the application of the Jackson v. Virginia standard has been rejected by the Ninth Circuit. See e.g. Jennings v. Runnels, 493 Fed.Appx. 903, 906 (9th Cir. 2012) (unpublished memorandum)[2] (holding that sufficiency review under Jackson v. Virginia "must consider all the evidence admitted by the trial court, regardless whether that evidence was admitted erroneously," including allegedly erroneously admitted propensity evidence), citing McDaniel v. Brown, 558 U.S. 120, 131 (2010); see also Juan H. v. Allen, 408 F.3d 1262, 1274 (9th Cir. 2005) (holding that the Court must "apply the standards of Jackson with an additional layer of deference" under AEDPA, and can only grant relief if the state court's decision was objectively unreasonable); see also Richter, 131 S.Ct. at 786 (federal habeas relief functions as a "guard against extreme malfunctions in the state criminal justice systems," and not simply as a means of error correction), quoting Jackson v. Virginia, 443 U.S. at 332 n.5. Thus, given the lack of merit of

---

[2] Unpublished Ninth Circuit decisions may be cited commencing with decisions issued in 2007. (See Ninth Cir. Rule 36-3.) Although still not binding precedent, unpublished decisions have persuasive value and indicate how the Ninth Circuit applies binding authority.

Petitioner's contention, it would be futile for Petitioner to present a challenge to this Court's prior determination that the state court's adjudication of his sufficiency of the evidence claim was objectively unreasonable.

### III. Conclusion and Order

The Court **DENIES** Petitioner's Rule 60(b) motion for reconsideration. The Clerk shall enter judgment accordingly. The Court **GRANTS** a Certificate of Appealability with respect to the denial of Petitioner's Rule 60(b) Motion.

DATED: December 9, 2013

_____
BARRY TED MOSKOWITZ, Chief Judge
United States District Court